IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **REGINALD BYRD,** | : | |
| Petitioner, | : | |
| v. | : | CIVIL NO. 06-CV-1990 |
| | : | |
| **ARTHUR BLACKMAN, et al.,** | : | |
| Respondents. | : | |
| | : | |

# ORDER

**AND NOW**, this 5th day of October 2006, upon consideration of the Petition for Writ of Habeas Corpus [Doc. #1], Respondents' Response to the Petition [Doc. #8], Petitioner's Answer to Respondent's Response [Doc. #10], the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport dated August 28, 2006 [Doc. #9], and Petitioner's Objections to the Report and Recommendation [Doc. #11], it is hereby **ORDERED** that:

1. the Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

2. the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED**

---

[1] In adopting Judge Rapoport's Report and Recommendation, the Court finds it appropriate to further articulate its rationale for denying and dismissing the Petition for Writ of Habeas Corpus.

As the Report and Recommendation notes, Petitioner sought a pretrial writ under 28 U.S.C. § 2241. Under § 2241, which grants District Courts jurisdiction to issue a writ before judgment is rendered in a criminal proceeding, there is no explicit statutory exhaustion requirement. An exhaustion requirement has, however, developed in this area through decisional law founded on the principles of federalism. Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975). Consequently, although § 2241 and § 2254 differ in statutory language, "there is no distinction insofar as the exhaustion requirement is concerned." Id. The applicable decisional law establishes that jurisdiction without exhaustion should be exercised only if extraordinary circumstances are present. Id. at 443 (citing Frisbie v. Collins, 342 U.S. 519, 520–21 (1952); Reid v. Jones, 187 U.S. 153, 154 (1902); United States ex rel. Richardson v. Rundle, 461 F.2d 860, 864–65 (3d Cir. 1972)).

In this case, extraordinary circumstances are not present and Petitioner has failed to exhaust his state remedies. While the statutory language of § 2241 does not explicitly require such exhaustion, it is firmly established that Petitioner must first make his arguments in state court and exhaust his state remedies, just as required under § 2254. As a result, the Court denies and dismisses the Petition without prejudice.

without prejudice and **DISMISSED** without an evidentiary hearing;

3. there is no probable cause to issue a certificate of appealability; and

4. that the Clerk of Court shall **CLOSE** this case.

It is so **ORDERED**.

                                              **BY THE COURT:**

                                              **/s/ Cynthia M. Rufe**
                                              **CYNTHIA M. RUFE, J.**